UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

KINTEA MCKENZIE,

                Defendant.

18 Cr. 834 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

      This order resolves a motion by a defendant awaiting sentencing for temporary release from custody in light of his heightened vulnerability to COVID-19. Defendant Kintea McKenzie is currently incarcerated at the Metropolitan Correctional Center ("MCC"), where at least four inmates have been infected with COVID-19. Mr. McKenzie suffers from asthma, and the MCC has identified him as "high risk," meaning that he is more susceptible than others to getting very sick, or dying, from COVID-19. On June 3, 2019, Mr. McKenzie entered a guilty plea to one count of aiding and abetting an assault with a dangerous weapon, in violation of 18 U.S.C. §§ 1959(a)(3) and 2. His sentencing is scheduled for June 24, 2020. Before entering his guilty plea, Mr. McKenzie had been released on a $300,000 bond signed by eight financially responsible co-signers; the Court found that this and other conditions would reasonably assure Mr. McKenzie's appearance and the safety of the community. *See* Dkt. 122 (appearance bond). However, following the guilty plea, Mr. McKenzie's incarceration became effectively mandatory under 18 U.S.C. § 3143(a)(2).

      On March 27, 2020, the Court received a letter application from defense counsel, asking the Court, due to the discovery of COVID-19 at the MCC, to grant Mr. McKenzie temporary

release on the same bond upon which he was originally released. Dkt. 441 ("Def. Ltr."). As legal authority, defense counsel relied on 18 U.S.C. § 3145(c), which makes a limited exception to mandatory detention where, *inter alia*, "exceptional reasons" so justify. On March 30, 2020, the Court received a letter from the Government opposing this request. Dkt. 442 ("Govt. Ltr."). The Government principally argues that the Court should not grant this release because Mr. McKenzie's offense conduct is serious and because the Government has confidence in the ability of the MCC to protect Mr. McKenzie from exposure to COVID-19. Govt. Ltr. at 1, 3–5.

For the following reasons, the Court grants defendant's request.

**I. Background**

On February 8, 2019, Mr. McKenzie was arrested pursuant to a superseding indictment charging numerous members of the Nine Trey Gangsta Bloods gang with racketeering and related offenses. *See* Dkt. 112. On February 12, 2019, the Court held a bail hearing. The Court there directed that Mr. McKenzie be released on a $300,000 bond signed by eight financially responsible co-signers. The Court also imposed conditions including home incarceration at Mr. McKenzie's mother's home in Brooklyn, electronic GPS monitoring, travel restricted to the Southern and Eastern Districts of New York, no contact with gang members, no contact with co-defendants, no contact with family members or friends of Daniel Hernandez, strict pretrial supervision, surrender of any travel documents and/or no application for the same, and that he should continue or seek employment, or continue or seek an education program. *See* Dkt. 128 (minute entry for bond hearing held on February 12, 2019). On February 15, 2019, Mr. McKenzie was released after the above conditions were in place. *See* Dkt. 122 (appearance bond).

On June 3, 2019, Mr. McKenzie entered a plea of guilty to one count of assault with a dangerous weapon, *see* Dkt. 181, for which he is scheduled to be sentenced on June 24, 2020.[1] At Mr. McKenzie's plea hearing, the Court granted Mr. McKenzie's application for leave to surrender two weeks after the plea. Dkt. 207 ("Plea Tr.") at 28–31. The Court explained that, although 18 U.S.C. § 3143 requires that a defendant convicted of a crime such as Mr. McKenzie's must be remanded on conviction, "exceptional reasons" justified a two-week delay of his surrender date, pursuant to 18 U.S.C. § 3145(c), in order to allow Mr. McKenzie to attend the funerals of two recently murdered family members. Plea Tr. at 30–31. In doing so, the Court found that, for essentially the same reasons that had merited pretrial release, the extensive set bond conditions that were in place reasonably assured that Mr. McKenzie would not flee or present a danger to the community. Plea Tr. at 30. The Government did not oppose this application. *Id*. at 29–30. On June 17, 2019, Mr. McKenzie surrendered to the U.S. Marshals. He has been incarcerated at the MCC since then. *See* Def. Ltr. at 2.

In recent days, at least four inmates at the MCC have been diagnosed with COVID-19, which is highly contagious and particularly dangerous to individuals who suffer from certain underlying conditions, including asthma. It has been documented that McKenzie suffers from asthma and has been prescribed an MCC-issued albuterol inhaler. Accordingly, the MCC has identified him as "high risk" with respect to COVID-19.

**II.    Discussion**

Mr. McKenzie seeks temporary release, pursuant to 18 U.S.C. § 3145(c), on the same bond on which he was released prior to entering his plea of guilty.

---

[1] The Court granted multiple requests for adjournment of Mr. McKenzie's sentencing, which was initially scheduled for September 18, 2019. *See, e.g.*, Dkt. 313.

In general, defendants, such as Mr. McKenzie, who have been convicted of a crime of violence such as 18 U.S.C. § 1959(a)(3) for which a maximum sentence of 10 or more years imprisonment is prescribed, must be detained pending sentence, unless the Court finds (1) that there is either a substantial likelihood that a motion for acquittal or new trial will be granted or an attorney for the government has recommended that no imprisonment be imposed, *and* (2) that, by clear and convincing evidence, the defendant is not likely to flee or pose a danger to any other person or the community. 18 U.S.C. §§ 3142(f)(1)(A), 3143(a)(2). Mr. McKenzie concedes that he cannot satisfy the first of these conditions.

Mr. McKenzie instead seeks release under 18 U.S.C. § 3145(c), which creates a narrow exception to this general rule of detention. It provides, in relevant part, that: "A person subject to detention pursuant to section 3143(a)(2) . . . , and who meets the conditions of release set forth in section 3143(a)(1) . . . , may be ordered released, under appropriate conditions, . . . if it is clearly shown that there are *exceptional reasons* why such person's detention would not be appropriate." 18 U.S.C. § 3145(c) (emphasis added). The conditions of release set forth in § 3143(a)(1) require a finding by the court "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community." 18 U.S.C. § 3143(a)(1). "[E]xceptional reasons" permitting the release of a defendant subject to mandatory detention are those that "present a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991). The Second Circuit has explained that, in determining whether exceptional reasons exist, "a case by case evaluation is essential," and a district court's discretion "is constrained only by the language of the statute: 'exceptional reasons.'" *Id.*; *see United States v. Hugo Witter*, No. 19 Cr. 568 (SHS), Dkt. 40 at 2 (S.D.N.Y. Mar. 26, 2020) ("*Witter*").

4

The Court previously found these conditions met in Mr. McKenzie's case, when, without objection from the Government, it allowed him to be released for two weeks following his guilty plea, to enable him to attend the funerals of two murdered relatives. *See* Plea Tr. at 30; *see also* Dkt. 128. The Court again finds by clear and convincing evidence that—provided the earlier phalanx of strict bail conditions is put back in place in its entirety—Mr. McKenzie is not likely to flee or be a danger to the community. To be sure, Mr. McKenzie's compliance with bail conditions was not without incident; he appears to have tested positive once for marijuana and to have been admonished by his pretrial services officer for traveling outside the permitted area. *See* Govt. Ltr. at 2. However, these incidents did not result in any finding of a violation, and none appears to have occurred during the two-week period when Mr. McKenzie was released pursuant to § 3145(c). Significantly, there is no indication that Mr. McKenzie engaged in any violent crime during his release, and, following the two-week leave permitted by the Court, Mr. McKenzie self-surrendered. Defense counsel represents that all eight original co-signers of Mr. McKenzie's bond have confirmed they are willing to resume service as suretors. Def. Ltr. at 4.

The Court further finds that exceptional reasons again justify Mr. McKenzie's release on these conditions. The heightened risk to Mr. McKenzie of serious complications from exposure to COVID-19 is undisputed here; indeed, the MCC itself has identified Mr. McKenzie as a "high risk" inmate. As several courts have already recognized, the heightened threat posed by COVID-19 to an inmate with a documented respiratory condition in a detention facility with multiple confirmed cases "present[s] a "unique combination of circumstances," *DiSomma*, 951 F.2d at 497, justifying release under § 3145(c). *See, e.g.*, *Witter*, No. 19 Cr. 568 (SHS), Dkt. 40 at 2–3 (granting bond pending sentencing, pursuant to § 3145(c), to defendant who had pleaded to a narcotics offense). For much the same reason, other courts, including this, have

5

ordered the temporary release of inmates with heightened vulnerabilities under 18 U.S.C. § 3142(i), which permits the temporary pretrial release of a defendant otherwise requiring detention into the custody of a U.S. marshal or other designated person. *See, e.g.*, *United States v. Perez*, No. 19 Cr. 297 (PAE), 2020 WL 1329225, at *1 (S.D.N.Y. Mar. 19, 2020) (granting bail application of 65-year-old defendant with COPD, pursuant to 18 U.S.C. § 3142(i), in light of "unique confluence of serious health issues and other risk factors facing this defendant, . . . which place him at a substantially heightened risk of dangerous complications should [he] contract COVID-19"). The Court appreciates the Government's expression of confidence that the Bureau of Prisons will act vigorously to limit the spread of COVID-19 within the MCC, and appreciates the many steps the BOP has taken or is taking towards this end, as chronicled by the Government. *See* Govt. Ltr. at 4–5. Notwithstanding these efforts, it is self-evident to the Court that Mr. McKenzie is at greater risk of contracting COVID-19 while confined in the MCC than at home on release, *i.e.*, that he will be safer at home than in the MCC. The Government does not contend otherwise.

The Court accordingly grants Mr. McKenzie's application for release, pursuant to 18 U.S.C. § 3145(c), on the same bond and conditions upon which he was released prior to entering his plea of guilty and during the two weeks following that. This release is to occur only upon the instatement of all of these conditions, including securing written confirmation by the co-signers of the bond of their willingness to again so serve. Mr. McKenzie's release is to last only as long as the current public health emergency, or until otherwise ordered. The Court further notifies Mr. McKenzie that it expects scrupulous compliance with all conditions of release, and that a violation of any condition will subject Mr. McKenzie to immediate remand.

Mr. McKenzie's sentencing remains scheduled for June 24, 2020, a date the parties should treat as firm.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: March 30, 2020
       New York, New York